TENNESSEE POWER COMPANY *v.* MARY LAY.*

(*Nashville.*   December Term, 1915.)

EMINENT DOMAIN.   Remedies of property owners.   Actions for
damages.   Necessity of jury of view.  Res .adjudicata.   "Co-
ram non judice."

In an action for damages for the taking of land for a power com-
pany's lines, wherein the amount of land taken was agreed upon,
and the sole issue was its value, where compensatory and in-
cidental damages were assessed by the trial jury, which ·laid
laid off by metes and bounds the land taken, the proceeding was
not *coram non judice*, since the court had jurisdiction of the
·controversy, although there was no issue as to the land taken,
but the judgment was a valid adjudication on the question of
damages, although no jury of view was had, since Shannon's
Code, section 1866, provides that the injured party may sue
for damages in the ordinary way, in which case the jury shall
lay off the land by metes and bounds, and assess the damages
as upon the trial of an appeal from the return of a jury of in-
quest.

Code cited and construed:   Sec. 1866 (S.).

FROM MARION

Appeal from the Circuit Court of Marion County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court—
NATHAN L. BACHMAN, Judge.

T. T. RANKIN, for plaintiff.

JOHN T. RAULSTON, for defendant.

*On the question of right of one whose property has been taken
for public use without condemnation proceedings, to maintain ac-
tion for compensation or for permanent damages, see note in 28
L. R. A. (N. S.), 968.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This action was brought in the circuit court of Marion county by defendant in error, Mary Lay, to recover damages arising out of the fact that the plaintiff in error had entered upon her land and constructed its line of poles, wires, etc., without authority. It was alleged that the plaintiff in error had taken an area of forty feet wide across the farm. The plaintiff in error filed a plea stating that it had taken one hundred feet. The defendant in error then, by leave of the court, amended her declaration so as to allege that the amount taken was one hundred feet, and set out by metes and bounds a description of the land taken; this description purporting to have been drawn from the survey made by the plaintiff in error. It is also substantially alleged in the declaration that the plaintiff in error is a public service corporation, such as would have the right to condemn under our statutes.

A jury was impaneled, and the damages assessed, both for the taking and incidental damages. The jury also found the amount of land which was taken by the plaintiff in error, describing it with exactness as set forth in the amendment to the declaration.

A motion for a new trial was made and continued over to the next term of court. At the latter term the trial judge so far granted the motion as to suggest a remittitur of a part of the damages, and this was accepted by defendant in error. A bill of exceptions was then made up, and the case appealed to the court of

civil appeals by the plaintiff in error. That court de-declined to examine the bill of exceptions on the ground that it was filed too late; no time having been granted at the trial term for its filing thereafter. That court then proceeded to try the case on the technical record, and affirmed the judgment of the trial judge. The case was then brought to this court by the plaintiff in error on the writ of *certiorari.*

Plaintiff in error concedes that it cannot rely upon the bill of exceptions, but insists that the adjudging of the land to it was *coram non judice,* since there was no issue on the subject, and no jury of view was appointed; that therefore it will not be protected by the plea of *res adjudicata* in case an effort should hereafter be made by defendant in error to recover the land or again secure damages, and therefore the result of a final affirmance would be that the defendant in error would recover her judgment for the amount, and the plaintiff in error would receive no consideration.

This is a mistaken view. The parties have agreed in their pleadings as to the land that had been taken and for which the damages were sought, and, no objection having been made as to the amount, or as to the description, the sole purpose of the suit being to recover damages, it was unnecessary to go through the formality of selecting a jury of view to lay off the land. So far as the assessment of damages was concerned, that was properly done by the regular jury impaneled to try the case. This was directly in accord with Shan-

133 Tenn. 33

non's Code, section 1866. That section provides that the injured party "may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest." The pleadings sufficiently covered the controversy, and there was no necessity for any other jury than the regular trial jury; and we must conclude that that jury either ascertained the description of the land from the pleadings, or by proper evidence submitted to them, there being nothing in the record to the contrary.

The result is that the judgment of the court of civil appeals will be affirmed, and a judgment will be entered here in accordance with this opinion.